UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHASSIDY F. LUCAS, et al.,

    Plaintiffs,

    v.

JOE AND DEBORAH CAMACHO, et al.,

    Defendants.

CASE NO. C11-5350BHS

ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTIONS

This matter comes before the Court on Chassidy F. Lucas, Bianca Lucas and CB Stormwater, LLC's ("Plaintiffs") motion for a preliminary injunction (Dkt. 12) and Defendants George and Ali Parker's ("the Parkers") motion for a preliminary injunction (Dkt. 24). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On May 5, 2011, Plaintiffs filed a complaint against Defendants Joe and Deborah Camacho, the Parkers, and Angela Stephenson[1] alleging various violations of intellectual property rights. Dkt. 1. Plaintiffs request, among other things, permanent injunctive relief. *Id.*

---

[1] Defendants Joe Camacho, Deborah Camacho, and Angela Stephenson refer to themselves as the "Camacho Defendants." Dkt. 16 at 1. The Court will also use this reference.

ORDER - 1

On June 16, 2011, Plaintiffs filed a seventy-one-page motion for preliminary injunction. Dkt. 12. On July 1, 2011, all of the Defendants responded in separate briefs. *See* Dkts. 16 & 21. Plaintiffs did not reply.

On July 8, 2011, the Parkers filed a motion for preliminary injunction. Dkt. 24. Plaintiffs responded that same day. Dkt. 28. The Parkers did not reply.

On August 12, 2011, Plaintiffs submitted a thirty-page brief as evidence in support of their motion for preliminary injunction. Dkt. 48.

## II. DISCUSSION

As a threshold matter, Plaintiffs' submissions are disorganized, incomprehensible, and violate many of the procedural rules regarding pleadings allowed, forms of motions, and formatting requirements. Plaintiffs are hereby advised that failure to follow these procedural rules alone is a ground for denial of any motion submitted to the Court. Plaintiffs can find the Local Civil Rules of this district on the Court's website at: http://www.wawd.uscourts.gov/referencematerials/localrules.htm.

### A. Preliminary Injunction Standard

The court may issue a preliminary injunction where a party establishes (1) a likelihood of success on the merits, that (2) it is likely to suffer irreparable harm in the absence of preliminary relief, that (3) the balance of hardships tips in its favor, and (4) that the public interest favors an injunction. *Alliance for the Wild Rockies v. Cottrell* 632 F.3d 1127, 1137–38 (9th Cir. 2011); *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008). A party can also satisfy the first and third elements of the test by raising serious questions going to the merits of its case and a balance of hardships that tips sharply in its favor. *Alliance*, 632 F.3d at 1137–38.

### B. Plaintiffs' Motion

Plaintiffs have submitted an unorganized document that consists of multiple exhibits interspersed with factual arguments. *See* Dkt. 12. On page sixty-nine, Plaintiffs

request preliminary injunctive relief to apparently prevent the Camacho Defendants from making or selling materials that violate Plaintiffs' intellectual property rights. *Id*. at 69. The Camacho Defendants assert that it "is impossible to understand what the basis for [Plaintiffs'] entire case against [them] actually consists of – either factually or legally," and they request that the Court deny the motion for preliminary injunction because Plaintiffs have failed to meet their burden. Dkt. 16 at 9. The Court agrees with the Camacho Defendants to the extent that Plaintiffs have failed to meet their burden under the standard set forth above. Therefore, the Court denies Plaintiffs' motion.

**C.    The Parkers' Motion**

The Parkers request that the Court enter an order barring Plaintiffs from contacting the Parkers, their family, their customers, or any distributors. Dkt. 24 at 4. The Parkers appear to request a no-contact order, which is beyond the scope of this lawsuit and is relief more appropriately requested from a state court. Therefore, the Court denies the Parkers' motion.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' (Dkt. 12) and the Parkers' (Dkt. 24) motions for preliminary injunctions are **DENIED**.

DATED this 22nd day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge