UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHASSIDY F. LUCAS, et al.,  Plaintiffs, v. JOE CAMACHO, et al., Defendants. | CASE NO. C11-5350BHS  ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants George and Lori Parker's ("Parkers") motion to dismiss and to grant counterclaim (Dkt. 51). The Court has reviewed the brief filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On May 5, 2011, Plaintiffs Chassidy Lucas, Bianca Lucas, and CB Stormwater ("Plaintiffs") filed a complaint against Defendants Joe Camacho, Deborah Camacho, Angela Stephenson, and the Parkers. Dkt. 1. Plaintiffs allege, in part, that they possess a valid patent that is being infringed by the Parkers. *Id*. at 4-7.

On August 18, 2011, the Parkers file a motion to dismiss and to grant their counterclaim. Dkt. 51. Although Plaintiffs have filed various documents, they have failed to file a responsive brief.

## II. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901

ORDER - 1

F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

In this case, reading the Plaintiffs' pro se complaint liberally and taking the material allegations as true, Plaintiffs state a plausible claim for patent infringement. The Parkers' denial of the allegations and additional evidence outside the complaint are insufficient to establish that Plaintiffs' complaint is subject to dismissal. Therefore, the Court denies the Parkers' motion to dismiss.

With regard to the Parkers' motion to grant their counterclaim, the Parkers have failed to show that they are entitled to judgment as a matter of law or that there is no question of material fact on each element of their counterclaim. *See* Fed. R. Civ. P. 56.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Parkers' motion to dismiss and to grant counterclaim (Dkt. 51) is **DENIED**.

DATED this 7th day of October, 2011.

BENJAMIN H. SETTLE
United States District Judge