UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHASSIDY F. LUCAS, et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>JOE CAMACHO, et al.,<br><br>           Defendants. | CASE NO. C11-5350BHS<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS FOR DEFAULT JUDGMENT |

    This matter comes before the Court on Defendants George and Lori Parker's ("Parkers") second and third motions to dismiss (Dkts. 89 & 91) and motions for default judgment (Dkts. 97 & 98). The Court has reviewed the briefs filed in support of the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

    On May 5, 2011, Plaintiffs Chassidy Lucas, Bianca Lucas, and CB Stormwater ("Plaintiffs") filed a complaint against Defendants Joe Camacho, Deborah Camacho, Angela Stephenson, and the Parkers. Dkt. 1. Plaintiffs allege, in part, that they possess a valid patent that is being infringed by the Parkers. *Id.* at 4-7.

    On August 18, 2011, the Parkers filed a motion to dismiss and to grant their counterclaim. Dkt. 51. On October 7, 2011, the Court denied the Parkers' motion stating

ORDER - 1

that "the Parkers' denial of the allegations and additional evidence outside the complaint are insufficient to establish that Plaintiffs' complaint is subject to dismissal." Dkt. 76 at 2.

On November 6, 2011, the Parkers filed a second motion to dismiss. Dkt. 89. One week later on November 13, 2011, the Parkers filed a third motion to dismiss. Dkt. 91. Plaintiffs failed to respond to either motion.

On December 3, 2011, the Parkers filed a motion for default judgment. Dkt. 97. On December 10, 2011, the Parkers filed another motion for default judgment. Dkt. 98. Plaintiffs failed to respond to either motion.

## II.  DISCUSSION

**A.  Motions to Dismiss**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

In this case, reading the Plaintiffs' pro se complaint liberally and taking the material allegations as true, Plaintiffs state a plausible claim for patent infringement. The Parkers' mere denial of the allegations contained in the Complaint does not meet their burden for either motion to dismiss. Moreover, Plaintiffs' failure to follow the Local

Rules of Procedure does not support a motion to dismiss at this time. Therefore, the Court denies the Parkers' motions to dismiss.

**B.     Redaction of Filings**

Parkers claim that "Plaintiff has willfully defied Civil Rule 5.2(a)," which governs "Redactions of Filings." Dkt. 90 at 2. Namely, Parkers claim that Plaintiffs submitted an anti-harassment order from Pierce County District Court that identifies by name the Parkers' minor children. *Id*. The Court has no evidence that the failure to redact was "willful," as Parkers allege. Even so, to remedy the prior failure to redact, the Court hereby seals Exhibit F to the Addendum Declaration of Chassidy Lucas in Support of Complaint and Response (Dkt. 77 at 33-35) and orders Plaintiffs to refile the same with the names of the minor children redacted as mandated by Civil Rule 5.2(a).

**D.     Joint Status Report**

Parkers also claim that "Plaintiff has failed to follow the guidelines for litigation a Patent lawsuit" under Local Patent Rule B 110, which governs the Joint Status Report. Dkt. 92 at 6. To ensure efficient resolution of the case, the Court encourages all parties to follow guidelines set forth in the civil and court rules. The Court orders that the parties meet and confer to ensure compliance with rules that require joint input, including those governing the submission of the Joint Status Report.

**C.     Motions for Default Judgment**

Parkers claim that they are entitled to an order of default under FRCP 55(a) (Dkts. 97 & 98). But, as the defendants in the matter, FRCP 55(a) does not govern the end result that the Parkers seek in these motions. Instead, to the extent that the Parkers seek to dismiss Plaintiffs' complaint, the Court repeats its finding that the Parkers have failed to meet their burden on these motions.

ORDER - 3

### III.  ORDER

Therefore, it is hereby **ORDERED** that Parkers' second and third motions to dismiss (Dkts. 89 & 91) and motions for default judgment (Dkts. 97 & 98) are **DENIED**.

DATED this 6th day of January, 2012.

BENJAMIN H. SETTLE
United States District Judge