UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHASSIDY F. LUCAS, et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>JOE CAMACHO, et al.,<br><br>          Defendants. | CASE NO. C11-5350 BHS<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO STRIKE AND GRANTING MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants Joe Camacho, Deborah Camacho, and Angela Stephenson's ("Camacho Defendants") motion for summary judgment (Dkt. 163), Defendants George and Lori Parker's ("Parker Defendants") motion for summary judgment (Dkt. 170), the Parker Defendants' motion to strike (Dkt. 185), and the Camacho Defendants' motion to strike (Dkt. 186). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions to strike and grants the motions for summary judgment for the reasons stated herein.

## I. PROCEDURAL HISTORY

On May 5, 2011, Plaintiffs Chassidy and Bianca Lucas ("Plaintiffs") filed a complaint against the Camacho Defendants and the Parker Defendants alleging infringement of intellectual property rights as well as other mostly incomprehensible federal and state law claims. Dkt. 1.

On June 5, 2012, the Camacho Defendants filed a motion for summary judgment (Dkt. 163) and the Parker Defendants filed a motion for summary judgment (Dkt. 170). On June 13, 2012, Plaintiffs responded. Dkt. 177. On July 5, 2012, the Camacho Defendants replied. Dkt. 178. On July 6, 2012, the Parker Defendants replied.

On July 10, 2012, Plaintiffs filed a document titled "Response to Summary Judgment." Dkt. 184. On July 13, 2012, the Parker Defendants moved to strike the Plaintiffs response. Dkt. 185. On July 16, 2012, the Camacho Defendants moved to strike the Plaintiffs response. Dkt. 186.

## II. DISCUSSION

**A. Motions to Strike**

Pursuant to Local Rule CR 7(d)(3), any opposition to a dispositive motion shall be electronically filed no later than the Monday before the noting date or mailed no later than the Friday before the noting date.

The noting date for both summary judgment motions was July 6, 2012. Plaintiffs filed their second response (Dkt. 184) on July 10, 2012. The Camacho Defendants and the Parker Defendants move the Court to strike the untimely response because it violates the Local Rules and because consideration of the unanswered response would be

prejudicial. The Court agrees that the response was untimely and could possibly be prejudicial. However, upon review of the late response, it does not alter the Court's decision as to the merits of the pending motions for summary judgment. Therefore, the Court denies the motions to strike and considers the untimely response (Dkt. 184).

**B.     Motions for Summary Judgment**

    **1.     Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### 2.     **Defendants' Motions**

The Camacho and Parker Defendants move for summary judgment on all of Plaintiffs' claims.  Whatever the claims may be, Plaintiffs carried the burden on submitting admissible evidence that creates a material issue of fact for trial.  Plaintiffs have completely failed to meet this burden.  Although Plaintiffs have submitted numerous documents and other materials to the Court, Plaintiffs have failed to show how any particular document is either relevant to one of their claims or admissible.  A party may not prevail in opposing a motion for summary judgment by simply overwhelming the court with a miscellany of unorganized documentation. *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).  Moreover,

[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.

*Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). Therefore, the Court grants both the Camacho Defendants' motion for summary judgment and the Parker Defendants' motion for summary judgment because Plaintiffs have failed to identify any admissible evidence in support of any claim.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Camacho Defendants' motion for summary judgment (Dkt. 163) and the Parker Defendants' motion for summary judgment (Dkt. 170) are **GRANTED** and the Parker Defendants' motion to strike (Dkt. 185) and the Camacho Defendants' motion to strike (Dkt. 186) are **DENIED**. The Clerk is directed to enter **JUDGMENT** for the Camacho and Parker Defendants. All other pending motions (Dkts. 113, 155, 159, 175 & 176) are moot.

Dated this 19th day of July, 2012.

*[signature]*
BENJAMIN H. SETTLE
United States District Judge