UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHASSIDY F. LUCAS and BIANCA LUCAS, individually and d/b/a CB STORMWATER, a Washington sole proprietorship,<br><br>     Plaintiffs,<br><br>  v.<br><br>JOE CAMACHO, et al.,<br><br>     Defendants. | CASE NO. C11-5350 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR ATTORNEY FEES |

This matter comes before the Court on Defendants Joe Camacho, Deborah Camacho, and Angela Stephenson's ("Camacho Defendants") motion for attorney fees (Dkt. 190) and Defendants George and Lori Parker's ("Parker Defendants") motion for attorney fees (Dkt. 194). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL HISTORY

On May 5, 2011, Plaintiffs Chassidy and Bianca Lucas ("Plaintiffs") filed a complaint against the Camacho Defendants and the Parker Defendants alleging infringement of intellectual property rights as well as other mostly incomprehensible federal and state law claims. Dkt. 1.

On June 5, 2012, the Camacho Defendants filed a motion for summary judgment (Dkt. 163) and the Parker Defendants filed a motion for summary judgment (Dkt. 170). On July 19, 2012, the Court granted both motions. Dkt. 188.

On August 15, 2012, the Camacho Defendants filed a motion for attorney fees. Dkt. 190. On August 16, 2012, the Parker Defendants filed a motion for attorney fees. Dkt. 194. On August 22, 2012, Plaintiffs responded. Dkt. 196. On August 24, 2012, the Parker Defendants replied. Dkt. 197.

## II. DISCUSSION

Both the Camacho Defendants and the Parker Defendants move for attorney fees pursuant to RCW 4.84.185 and 28 U.S.C. § 1927. Dkt. 190 at 4–7. The Washington statute provides as follows:

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense. This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party. The judge shall consider all evidence presented at the time of the

motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause.

RCW 4.84.185.

Section 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 sanctions require a bad faith finding. *See Soules v. Kauaians For Nukolii Campaign Comm.*, 849 F.2d 1176, 1185 (9th Cir. 1988). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, …." *Id*. at 1185-86 (quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)).

In this case, Defendants argue that Plaintiffs' claims were frivolous and advanced without reasonable cause. The Court agrees. Not only did Plaintiffs fail to submit admissible evidence in support of the claims (Dkt. 188), they also included more unsupported state law claims in the response to the instant motion (Dkt. 196 at 4). There is no evidence in the record to support any other conclusion. Therefore, the Court grants the motions.

With regard to the Parker Defendants' motion, the Court will only award the amount of attorney fees actually incurred. While the Court appreciates the fact that the Defendants' time is worth something, the Parker Defendants have failed to cite any

ORDER - 3

1 authority for awarding fees at a flat, per-motion rate.  Moreover, the Parker Defendants
2 have failed to show that every pleading they filed was necessary or meritorious.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Camacho Defendants' motion for attorney fees (Dkt. 190) and the Parker Defendants' motion for attorney fees (Dkt. 194) are **GRANTED**.  The Court will subsequently sign and enter the parties' proposed orders consistent with this opinion.

Dated this 18th day of September, 2012.

BENJAMIN H. SETTLE
United States District Judge